**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TAHMIA WALKER,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 25-cv-7055<br><br>**MEMORANDUM ORDER** |

**CECCHI, District Judge.**

Before the Court is defendant United States of America's (the "Government") motion to (i) dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and (ii) clarify that temporary injunctive relief previously issued by the Superior Court of New Jersey is dissolved (the "Motion"). ECF No. 6; *see* ECF No. 6-2 ("Br."). For the reasons stated below, the Court will grant the Government's Motion in part.

**WHEREAS** *pro se* plaintiff Tahmia Walker ("Plaintiff"), an employee of the U.S. Department of Veterans Affairs ("VA"), filed this action in the Superior Court of New Jersey, Chancery Division – Family Part, on May 7, 2025. ECF No. 1 ¶ 1; ECF No. 6-3, Declaration of Yolanda Hobart ("Hobart Decl.") ¶ 4. That same day, the Superior Court issued an *ex parte* temporary protective order (the "TPO"), which prohibited Renita Wilson, another VA employee, from "[h]aving any contact with . . . Plaintiff"; "personally or through an agent initiating any communication likely to cause annoyance or alarm including but not limited to personal, written, or telephone contact or contact by electronic device"; "[f]ollowing or threatening to harm, stalk[,] or follow Plaintiff"; or "[c]ommitting or attempting to commit an act of harassment against . . . Plaintiff." ECF No. 1, Ex. A ("TPO") at 3; Hobart Decl. ¶ 6. The TPO also prohibited Ms. Wilson from entering "Plaintiff's place[] of employment," *i.e.*, the VA. TPO at 3; and

**WHEREAS** on June 3, 2025, the Government substituted itself as defendant for Ms. Wilson and removed this action to this Court pursuant to 28 U.S.C. § 2679(a), (d). ECF No. 1 ¶¶ 1–11; ECF No. 1, Ex. B; *see Giordano v. Hohns*, 159 F.4th 179, 185 (3d Cir. 2025) ("Once a suit is brought against a federal employee, the Attorney General can certify 'that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose' and substitute the United States for the individual defendant. . . . If that lawsuit is pending in state court, it is then removed to federal district court, with the United States substituting for its employee." (citation omitted)); *Campbell v. United States*, No. 24-5642, 2025 WL 1527463, at *1 (D.N.J. May 29, 2025). Approximately three weeks later, Magistrate Judge Leda D. Wettre ordered the parties to participate in a telephone status conference to discuss a briefing schedule for the Government's then-anticipated motion to dismiss and vacate the TPO. ECF No. 5. However, Plaintiff did not appear at the status conference; and

**WHEREAS** on August 18, 2025, the Government filed its Motion. Because she failed to file any brief in opposition to the Motion, the Court on March 24, 2026, directed Plaintiff "to file an opposition to the motion by April 14, 2026, or the motion will be deemed unopposed but nonetheless considered on the merits." ECF No. 10 (citing *Jenkins v. Young*, No. 13-2466, 2014 WL 7365803, at *6 (D.N.J. Dec. 23, 2014) ("The Court has authority to grant an unopposed motion to dismiss after analyzing the motion on its merits.")). As of the date of this Memorandum Order, Plaintiff has failed to file an opposition, so the Court will now deem the Motion unopposed and consider it on its merits;[1] and

[1] Plaintiff also failed to "advise the Court of any change in [her] . . . address" in violation of Local Civil Rule 10.1. L. Civ. R. 10.1; *see* ECF No. 7 ("Mail Returned as Undeliverable. Mail sent to TAHMIA WALKER."). Plaintiff's conduct (*e.g.*, failing to appear at a Court-scheduled conference, failing to oppose the Government's Motion, and failing to comply with the Court's Local Civil Rules) would be grounds alone to justify dismissing this action. *See, e.g.*, *Peterson v.*

**WHEREAS** the Court must dismiss this action for lack of subject-matter jurisdiction. *See Weber v. PNC Invs. LLC*, No. 19-704, 2020 WL 563330, at *4 (W.D. Pa. Feb. 5, 2020) ("[S]ubject matter jurisdiction is a 'must have' in every case brought before an Article III Court."), *aff'd sub nom. Weber v. PNC Invs.*, 844 F. App'x 579 (3d Cir. 2021). Here, the Government brings a factual challenge to the Court's subject-matter jurisdiction under Rule 12(b)(1). Br. at 4. A factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (alteration in original) (citation omitted). In evaluating a factual challenge, a court can "weigh and consider evidence outside the pleadings." *Id.* (citation omitted). And when a defendant makes a factual challenge, the plaintiff has the burden of establishing jurisdiction. *Id.*; and

**WHEREAS** in this action, Plaintiff—a VA employee—brings a tort claim for cyber harassment against another VA employee based on that employee's conduct in the workplace. ECF No. 1 ¶ 3; *see also* Hobart Decl. ¶ 4; TPO at 1–6. And the preliminary relief issued by the state court implicates "the regular order of managing VA activities and personnel in New Jersey." Hobart Decl. ¶ 12; and

**WHEREAS** an action brought against a federal employee in his or her official capacity is effectively an action against the United States, and "[i]t is well settled that the United States has sovereign immunity except where it consents to" suit. *Hudson v. Kennedy*, No. 12-12, 2013 WL 4778700, at *11 (W.D. Pa. Sept. 5, 2013); *see also Clark v. United States*, No. 21-507, 2021 WL

---

*Glunt*, No. 11-402, 2011 WL 6955812, at *2 (W.D. Pa. Dec. 8, 2011) ("[F]ederal courts in this Circuit have held that a *pro se* party's failure to notify the Court of his change of address provides an adequate basis for dismissing an action for failure to prosecute."), *report and recommendation adopted*, No. 11-402, 2012 WL 28240 (W.D. Pa. Jan. 5, 2012).

3129623, at *1 (W.D. Wash. July 23, 2021). Absent a waiver of that sovereign immunity, the Court lacks subject-matter jurisdiction to review suits against the United States (or federal employees in their official capacity). *See Shah v. United States*, No. 12-119, 2013 WL 1869095, at *5 (W.D. Pa. May 3, 2013), *aff'd*, 540 F. App'x 91 (3d Cir. 2013); and

**WHEREAS** Plaintiff has not presented this Court (or the state court) with "any provision of law by which the United States has waived sovereign immunity for the purpose of permitting its employees, acting in the scope of their employment, to be sued such that a state-court order of protection could be issued against them and restrict their activities at the workplace." *Clark*, 2021 WL 3129623, at *2; and

**WHEREAS** for instance, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, waives sovereign immunity for tort claims seeking *damages* against "federal employees working in the scope of their federal employment," but does not provide a companion waiver for tort claims seeking injunctive relief. *Hendy v. Bello*, 555 F. App'x 224, 226 (4th Cir. 2014). Accordingly, "'federal courts regularly dismiss removed state court petitions for restraining orders or peace orders filed by federal employees, based on alleged misconduct in the workplace, to restrain the conduct of a co-worker at a federal office' on sovereign immunity grounds." *Cui v. United States*, No. 22-470, 2022 WL 2664348, at *4 (E.D. La. July 9, 2022) (quoting *Perkins v. Dennis*, No. 16-2865, 2017 WL 1194180, at *2 (D. Md. Mar. 30, 2017)); *see also Sherrill v. Van Cleave*, No. 22-1274, 2022 WL 14644390, at *4 (D. Ariz. Oct. 25, 2022) (collecting cases). Plaintiff's action is no different, so the Court must dismiss for lack of subject-matter jurisdiction. *Richards v. Wallace*, No. 09-2188, 2009 WL 4884524, at *3 (D. Md. Dec. 10, 2009) ("This relief [a temporary peace order issued by a state court] would interfere with the operations of the [Social Security

Administration] because it would prohibit Wallace's contact with a subordinate. Thus, Richards's suit is effectively a suit against the United States, and it is barred by sovereign immunity."); and

**WHEREAS** as noted above, the Government's Motion also asks the Court to clarify the parties' rights by "declar[ing] that the TPO dissolved on June 17, 2025." Br. at 4. But without subject-matter jurisdiction, the Court lacks the power to settle the parties' rights or otherwise weigh in on the merits of a dispute. *See, e.g.*, *Di Loreto v. Costigan*, 351 F. App'x 747, 751 n.6 (3d Cir. 2009) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." (alteration in original) (citation omitted)); *In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155 (3d Cir. 1997) ("If a court then determines that it lacks subject matter jurisdiction, it cannot decide the case on the merits. It has no authority to do so."); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("[B]ecause the district court was in fact without subject matter jurisdiction, the court's ruling was in essence an [improper] advisory opinion."). That said, "[t]he dismissal of this action necessarily means that the [TPO] previously granted by the state court in this action is no longer in effect." *Gingles v. U.S. Dep't of Hous. & Urb. Dev.*, No. 22-11530, 2022 WL 16951643, at *4 (E.D. Mich. Nov. 15, 2022); *see also, e.g.*, *Jones v. Haynes*, 350 F. Supp. 3d 691, 694 (M.D. Tenn. 2018) ("Dismissal of the case dissolved the preliminary injunction."); *United States v. Pro. Air Traffic Controllers Org. (PATCO)*, 504 F. Supp. 442, 445 (N.D. Ill. 1980) (similar for TRO).

Accordingly, for the reasons stated above, **IT IS** on this 16th day of October 2026,

**ORDERED** that the Government's Motion (ECF No. 6) is **GRANTED IN PART**; and it is further

**ORDERED** that this action is **DISMISSED** without prejudice; and it is further

**ORDERED** that the Government shall serve a copy of this Memorandum Order on Plaintiff within seven (7) days; and it is finally

**ORDERED** that the Office of the Clerk of the Court shall mark this case **CLOSED**.

**SO ORDERED**.

*/s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**